| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------- X
                                                                                             :

TYRONE POPE,                                          :

                 Petitioner,                :

                                                                     :     **MEMORANDUM**

                - against -                     :     **DECISION AND ORDER**

                                                                     :

ANTHONY J. ANNUCCI, *DOCCS Acting*    :     17 Civ. 3191 (BMC)
*Commissioner*,                                         :

                                                                     :

                 Respondent.               :
---------------------------------------------------------- X

**COGAN**, District Judge.

      Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction and sentence for various New York Vehicle and Traffic Law felonies and misdemeanors. Because none of his claims are exhausted and there remain state court avenues of review that he must pursue before he can seek federal review, the petition is dismissed without prejudice to recommencement upon exhaustion of his claims.

## BACKGROUND

      Petitioner was arrested at a DWI checkpoint and found to be intoxicated with an open, partially consumed can of beer in his vehicle. His driver's license was under suspension at the time because of a prior DWI conviction. He was charged with numerous counts of violating the New York Vehicle and Traffic Law. After a jury trial, he was convicted of seven of the eight counts, the top counts of which were Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, N.Y. Veh. & Traf. L. § 511-3A-I, and Aggravated Driving While Intoxicated, N.Y. Veh. & Traf. L. 1192-2A. Petitioner was sentenced on May 11, 2016, to an indeterminate sentence of one to three years on the top counts, and lesser determinate terms on the lower counts, to run concurrently. He was also sentenced to having his licensed revoked, an "ignition

interlock" on his car, and three years' probation on the lower counts, plus fines on some of the counts.

Within a week after sentencing, petitioner's trial counsel filed a notice of appeal, and his appeal is still pending. However, the appeal seems to be in limbo because petitioner has neither taken action to pursue it *pro se*, nor requested the appointment of counsel, even though the sentencing court advised him that he needed to do that if he wanted counsel for the appeal.

Instead of pursuing the appeal, on or about August 12, 2016, petitioner filed a motion to set aside his sentence under N.Y. C.P.L. § 440.20 ("§ 440 motion"). Although styled as a motion to challenge his sentence, petitioner also raised grounds challenging the validity of his conviction, for example, that the District Attorney had failed to make a *prima facie* case both at the grand jury level and at trial; that breathalyzers are not reliable; and that he could not be convicted of the top counts because, in fact, his license was not suspended and he had no prior DWI convictions. He challenged the legality of his sentence on various other grounds. These sentencing challenges were largely nonsensical and, as to some of them, harmful to petitioner.

After a lengthy delay in submitting opposition papers, the District Attorney made an error in responding to the § 440 motion. Specifically, he advised the § 440 court that no appeal had been taken, although the District Attorney had in fact received the notice of appeal. If the § 440 court had been advised that that the direct appeal was pending, it might have deferred ruling pending the appeal or denied the motion without prejudice to renewal after disposition of the appeal.

Notwithstanding the incorrect information about the pendency of petitioner's direct appeal, on June 8, 2017, the § 440 court denied most of the motion on the merits. Ironically, it sustained one point that petitioner had raised – that the trial court had failed to impose mandatory

fines as to two of the lesser counts – and it therefore resentenced petitioner to impose those fines. As to petitioner's challenge to the sufficiency of the evidence, the § 440 court simply noted that most of those grounds "were better suited for an appeal rather than his current motion to set aside his sentence." As to one other ground, the validity of breathalyzer results, the § 440 court held that it had to be raised on appeal, but that "[i]n any event, the defendant's argument is without merit."

The habeas corpus petition in this case was filed in the United States District Court for the Western District of New York on March 3, 2017, just over three months before the decision on the § 440 motion. Judge Geraci of the Western District of New York transferred the petition here because petitioner was convicted in Queens County, within the Eastern District of New York. The petition is erroneous in one respect – petitioner is under the misimpression that his counsel never filed a notice of appeal – and both erroneous and outdated in another respect – it asserts that the District Attorney never responded to petitioner's § 440 motion and that the § 440 court never decided it. The issues in the petition appear to substantially replicate the issues raised in plaintiff's § 440 motion, but there may also be some other issues – the petition is hard to decipher – that are new and have not been raised in state court.

**DISCUSSION**

It is the most fundamental aspect of habeas corpus review that a federal court cannot review claims of constitutional error leading to a state criminal conviction until the petitioner has fully exhausted his right of review in state court. The requirement is set forth in 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in state court." "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state

3

courts." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). This includes obtaining resolution of a discretionary application for appellate review to the highest state court which can entertain such an application. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Petitioner's claims are unexhausted in at least two respects. First, he has failed to perfect his direct appeal from his judgment and sentence of conviction. A petitioner must complete the appellate process, not only to the Appellate Division, but, if necessary, seeking leave to the New York Court of Appeals. See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005); see also id. at 74 ("In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." (internal quotation marks and citation omitted)). Second, petitioner has failed to seek leave to appeal the § 440 court's denial of his motion, which is also required to exhaust any claims raised in a collateral proceeding. See Burnett v. Lee, No. 13-CV-4425, 2015 WL 4389888, at *10 (E.D.N.Y. July 15, 2015).

This is not a situation where the Court needs to stay the petition pending exhaustion to prevent expiration of the one-year period in which to seek habeas corpus relief set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005). See 28 U.S.C. § 2244(d)(1). It is not even clear that petitioner's conviction is final, since his direct appeal is still pending, so the one year period may not have even have commenced. Even if petitioner's conviction was final, petitioner obtained a statutory toll of the time to commence this proceeding when he sought § 440 relief in August, 2016. See Carey v. Saffold, 536 U.S. 214, 220 (2002) ("[A]n application is pending [for AEDPA tolling purposes] as long as the ordinary state collateral review process is 'in

4

continuance' – *i.e.*, 'until the completion of' that process."). Petitioner can return to state court, exhaust his claims, and, if it is still necessary, he should have adequate time to seek federal habeas corpus relief.

## CONCLUSION

The petition is dismissed as unexhausted. The Clerk is directed to enter judgment accordingly. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 20, 2017